IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSMERY FLORES-LAZO,

    Petitioner,

v.                                                            No. 2:26-cv-149-SMD-KRS

KRISTI NOEM, PAMELA BONDI,
MARY DE ANDA-YBARRA and
DORA CASTRO,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Rosmery Flores-Lazo's ("Petitioner's") petition for a writ of habeas corpus (Doc. 2) and motion for a temporary restraining order (Doc. 3). Respondents' deadline to answer Petitioner's motions was February 11, 2026. *See* Doc. 8. Respondents did not file an answer. *See* Doc. 13 (Notice of Respondents' Failure to Respond to Emergency Motion for Temporary Restraining Order).

### BACKGROUND

Petitioner is a 39-year-old citizen of El Salvador. Doc. 3 ¶ 14. She entered the United States without inspection in 2013. Petitioner filed for asylum upon entering the United States. In her application, she alleged that criminal organizations in El Salvador were threatening her and her family. Their threats escalated to violence. Petitioner's business was attacked, the windows smashed, and she began receiving death threats to her personal cell phone. *Id.* ¶ 24. Fearing for her life, Petitioner came to the United States. *Id.* ¶ 23. She has resided in Florida for 12 years—awaiting a decision on her asylum application—and complied with all immigration requirements during that time. *Id.* ¶ 25. Petitioner has no criminal background, has valid work authorization

from the Department of Homeland Security ("DHS"), and has been consistently employed. *See* Doc. 2, Ex. 2 at 31, 33. Petitioner's work authorization is not set to expire until January 23, 2030. *Id.*

DHS sent Petitioner a notice to appear for a removal proceeding on June 2, 2025, and labeled Petitioner as "an alien present in the United States who has not been admitted or paroled." *Id.* at 21. On September 3, 2025, Petitioner attended a routine immigration check-in. *Id.* ¶ 26. ICE detained Petitioner at that appointment. *Id.* On December 23, 2025, Petitioner requested a bond hearing. *Id.* ¶ 9. The Immigration Judge denied her request in accordance with *Matter of Yajure Hurtado* and found that Petitioner posed a flight risk because her relief was "speculative." *Id.* ¶ 27; Doc. 2, Ex. 2 at 48.

Petitioner filed her habeas petition on January 25, 2026. She alleges that the Immigration Judge abused her discretion at Petitioner's bond hearing, that her continued detention without notice or opportunity for a hearing violates her Fifth Amendment right to due process, and that the Immigration Judge violated the Administrative Procedure Act in misapplying the law. *Id.* ¶¶ 29–51. As relief, Petitioner seeks immediate release from detention (or a bond hearing) and an award of attorneys' fees and costs. *Id.* ¶ 51.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.        <u>Statutory Framework: 8 U.S.C. §§ 1225 and 1226</u>

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Applicants for admission are noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

In contrast, Section 1226(a) establishes detention guidelines for noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g., Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025). Petitioner challenges her detention under § 1225(b)(2)(A) as inconsistent with the plain language of the INA. Doc. 1 ¶ 116. Petitioner argues that she is entitled to a bond hearing under § 1226(a). Though Respondents have not filed an answer in this case, the Court presumes that they would instead apply § 1225 to Petitioner.

The Court finds that Petitioner's removal proceedings are governed by Section 1226(a), i.e., that she is someone who was "already present in the United States." *Jennings*, 583 U.S. at 303. She is therefore not subject to the mandatory detention provisions of § 1225 and is entitled to a bond hearing. *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II. <u>The Government's Indefinite Detention of Petitioner Violates Her Fifth Amendment Rights.</u>

The Court finds that Petitioner's continued detention violates Petitioner's Fifth Amendment. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government, "may constitutionally detain deportable aliens during the limited period necessary for their

removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

In denying Petitioner's protected liberty interest, the Government has offered neither justification nor process. Petitioner has remained in ICE custody for almost six months and, under current agency precedent, is ineligible for a bond hearing. Petitioner plausibly alleges that she does not pose a flight risk nor a danger to the community. *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006). She is deeply engrained in her local community, as evinced by the numerous letters of support sent ahead of her bond hearing and has been lawfully working for years. *See* Doc. 2, Ex. 2. Petitioner's familial ties—namely her brother who she has lived with in Florida for twelve years—further discredits the concern that Petitioner could pose a flight risk. Doc. 2 ¶ 27. The Government has neglected to provide any further information rebutting these facts or otherwise support its decision to detain Petitioner. The Government has likewise declined to provide evidence showing that Petitioner is likely to be removed in the foreseeable future. Because Respondents have not provided a legal basis for Petitioner's continued detention, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez v. Noem*, No. 2:26-CV-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026); *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

## CONCLUSION

The Court finds no significant likelihood Petitioner will be removed in the reasonably foreseeable future. She is entitled to release from detention. It is hereby **ORDERED**:

1) The verified Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

2) Respondents shall release Petitioner within 24 hours of this Order.

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel of when and where she can be collected and providing identity documents sufficient to board a domestic flight to return to Florida.

4) Respondents shall file a notice of compliance within 48 hours of Petitioner's release and notify the Court of the date, time, and manner of Petitioner's release.

5) Respondents are enjoined from re-detaining Petitioner without providing Petitioner with timely notice of the grounds for revocation and an opportunity to respond.

6) The Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**